# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| v. | } | Case No.:  2:10-CR-24-RDP-TMP |
| | } | |
| LAVARES DETROEN WATKINS, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on four Motions: (1) Motion Seeking Relief Based on Self Surrender, filed on March 2, 2018 (Doc. # 23); (2) Motion Requesting to File Belated Direct Appeal, filed on April 23, 2018 (Doc. # 24); (3) Motion for Resentencing Under *Johnson v. US*, filed on June 22, 2018 (Doc. # 25), and (4) Motion for Direct Appeal and Appointment of Counsel, filed on April 29, 2019 (Doc. # 26).

On July 14, 2010, Watkins pled guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. # 13). Notably, Watkins had only recently been released from prison after serving a sentence for his last felony conviction on December 12, 2008. Less than seven months later, on July 2, 2009, he was arrested for the instant offense. (Doc. # 10 at 2).

Although Watkins objected to certain aspects of the Presentence Investigation Report regarding his criminal history, he did not object to being classified as an armed career criminal pursuant to U.S.S.G. § 4B1.4. (Docs. # 9, 10). Watkins, in fact, has an extensive criminal history. At the time of sentencing, Watkins had prior convictions for Shooting Into An Occupied Building; Robbery, Second Degree; Robbery, Third Degree; and Assault, First Degree, all of which are proper predicate prior convictions for ACCA sentencing. (Doc. # 22). Because Watkins was

sentenced under the Armed Career Criminal Act of Title 18, U.S.C. § 924(e), he was subject to a fifteen year mandatory minimum prison sentence and could have been sentenced for up to life imprisonment. (Doc. # 10 at 2). His guideline sentence range was 180 to 210 months. (*Id.*). On July 14, 2010, the Honorable James H. Hancock sentenced Watkins to be imprisoned for a term of 210 months. (*Id.* at 2). Watkins did not appeal.

Claims not raised on direct appeal are barred because they are procedurally defaulted. *See e.g., United States v. Frady*, 456 U.S. 152, 166 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 111 S. Ct. 1629 (1991); *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849 (1990); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990). However, a federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

Approximately eight years after he was sentenced, Watkins filed a motion pursuant to 28 U.S.C. § 2255. (Case No. 2:18-cv-08015-RDP, Doc. # 1). In that Motion, Watkins asserted claims pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). However Watkins's claims under *Johnson* were untimely under 28 U.S.C. § 2255(f)(3) because they were not filed within a year of the date *Johnson* was issued, June 26, 2015. Wakins's motion was filed on June 4, 2018, well outside the one-year time frame under 28 U.S.C. § 2255(f)(3). (Case No. 2:18-cv-08015-RDP, Doc. # 3).

As this court explained in dismissing that motion, Petitioner's reasons for filing outside the limitations period[1] did not amount to "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence" and, therefore, those reasons did not justify equitable tolling of the § 2255's limitations period. (Case No. 2:18-cv-08015-RDP, Doc. # 5) (citing *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000))). Watkins sought reconsideration of that decision. (Case No. 2:18-cv-08015-RDP, Doc. # 8). In his Motion for Reconsideration, Watkins made the same arguments he had made previously when the court ordered him to show cause why his § 2255 motion should not be denied as untimely. (*Id.*). Therefore, the court denied the Motion to Reconsider. (Case No. 2:18-cv-08015-RDP, Doc. # 9).

On December 20, 2018, Watkins sought to appeal the denial of his § 2255 motion. (Case No. 2:18-cv-08015-RDP, Doc. # 10). However, the Eleventh Circuit denied him a certificate of appealability. (Case No. 2:18-cv-08015-RDP, Doc. # 18). The motions currently before the court raise the same arguments that were previously rejected by this court and the Eleventh Circuit. Therefore, for this reason, they are due to be denied.

Watkins's latest motion seeking to belatedly file a direct appeal, however, does raise one issue that does not appear to have been previously addressed. That is, Watkins now makes what is in essence an ineffective assistance of counsel claim based on his assertion that his counsel failed to file a direct appeal after he "placed counsel on the proper notice to file an appeal." (Doc. # 26).

The problem, however, is that Watkins's motion is effectively a successive § 2255 motion because he seeks "to collaterally attack the validity of his [] sentence[] long after his convictions

---

[1] "(1)[H]e did not come into the custody of the United States Marshalls until September 13, 2017, (2) he has been pursuing his rights diligently, (3) he "self surrender[ed]" after he was "released from state prison by mistake," and (4) he was unable to research federal laws following his federal sentence because he was in state prison." (Case No. 2:18-cv-08015-RDP, (Doc. # 4).

became final." *Cuesta v. United States*, 429 F. App'x 880, 882 (11th Cir. 2011); *see also Pegg v. United States*, 754 F. App'x 887, 889 (11th Cir. 2018) ("The problem for Pegg is that he did not raise his request for an out-of-time appeal in his first § 2255 motion[.] Rather, he raised it in [] a numerically second and successive § 2255 motion.").

"A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion." *Cuesta*, 429 F. App'x at 881 (citing 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244). "Without such authorization, 'the district court lacks jurisdiction to consider a second or successive petition.'" *Id.* (quoting *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). Watkins did not request or receive permission from the Eleventh Circuit to file a second or successive § 2255 motion. Therefore, this court lacks jurisdiction to consider the construed motion.

For all of these reasons, Watkins's Motion Seeking Relief Based on Self Surrender, filed on March 2, 2018 (Doc. # 23), his Motion Requesting to File Belated Direct Appeal, filed on April 23, 2018 (Doc. # 24), his Motion for Resentencing Under *Johnson v. US*, filed on June 22, 2018 (Doc. # 25), and his Motion for Direct Appeal and Appointment of Counsel, filed on April 29, 2019 (Doc. # 26) are **DENIED**.

Additionally, Documents # 15, 16, 17, and 19 are **MOOT**.

The Clerk of the Court is **DIRECTED** to send a copy of this order to Lavares Detroen Watkins, 27883-001, McCreary U.S. Penitentiary, Inmate Mail/Parcels, P.O. BOX 3000, Pine Knot, KY 42635, and to correct his address on the docket sheet of this case.

**DONE** and **ORDERED** this September 17, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE